# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-397-FDW-DCK

| | |
|---|---|
| CALVIN G. LATIMER, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| SOCIAL SECURITY ADMINISTRATION, | ) AND ORDER |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss" (Document No. 9), and Plaintiff's "Motion To Hear Objection To Dismissal" (Document No. 14). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and these motions are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss be <u>granted</u>, and will order that the motion for a hearing be <u>denied</u>.

## I. BACKGROUND

*Pro se* Plaintiff Calvin G. Latimer ("Plaintiff") filed this action on June 28, 2012, asserting claims against the Social Security Administration and the Social Services Department. (Document No. 1). On July 9, 2012, the Honorable Frank D. Whitney issued an "Order" (Document No. 3) granting Plaintiff's motion to proceed *in forma pauperis*; dismissing Plaintiff's claim challenging the termination of his parental rights; and allowing Plaintiff to proceed with his claim challenging the denial of disability benefits. However, the Court noted that it appeared that Plaintiff's claim regarding a denial of disability benefits "may be time-

barred." (Document No. 3, p.2) (citing Document No. 1, p.10). Defendant Social Services Department was terminated as a party on July 9, 2012.

Defendant Social Security Administration ("Defendant") filed its "Motion To Dismiss" (Document No. 9) and "…Memorandum In Support…" (Document No. 10) pursuant to Fed.R.Civ.P. 12(b)(1) on September 14, 2012. Plaintiff filed a response (Document No. 13) to the pending motion to dismiss on October 10, 2012; and "Defendant's Reply In Support Of His Motion To Dismiss" (Document No. 16) was filed November 16, 2012. In addition, Plaintiff filed his "Motion To Hear Objection To Dismissal" (Document No. 14) on October 10, 2012. "Defendant's Response To Plaintiff's Motion To Hear Objections To Dismissal" (Document No. 17) was filed November 16, 2012; and Plaintiff's "Rebuttal to response…" (Document No. 19) was filed November 28, 2012.

Immediate review of the pending referred motions and a recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule

12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### III. DISCUSSION

Defendant presents three compelling arguments for dismissal: (1) that this Court lacks subject matter jurisdiction over this matter pursuant to 42 U.S.C. § 405(g); (2) that any controversy regarding disability benefits is moot; and (3) that Plaintiff's claim is untimely. (Document No. 10). The undersigned agrees.

First, Defendant notes that

> Section 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act ("Act"). Sections 205(g) and (h) of the Act [42 U.S.C. §§ 405(g) and (h)], authorize judicial review in cases arising under Title II and Title XVI of the Act. Those provisions make clear that they are the only jurisdictional basis for judicial review:
>
>> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. 42 U.S.C. § 405(g).
>
> The statute continues:
>
>> [n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United

> States Code, to recover on any claim arising under this title. 42 U.S.C. § 405(h).
>
> Congress thus has made clear that, for claims arising under the act, judicial review is permitted only in accordance with § 405(g).

(Document No. 10, p.2) (citing 42 U.S.C. § 405).

Defendant further notes that Plaintiff has failed to demonstrate that he obtained a final decision from the Commissioner of Social Security made after a hearing. (Document No. 10, p.3). A letter from the Social Security Administration ("S.S.A.") dated February 14, 2012, is attached to the "Complaint" (Document No. 1) stating that benefits cannot be paid to Plaintiff beginning February 2012. (Document No. 1, p.10). The letter further states that Plaintiff had 60 days to ask for an appeal, beginning on or about February 19, 2012. Id. As Defendant notes, there is no indication that Plaintiff sought to appeal the purported decision, let alone evidence that there was a final decision from the Commissioner after a hearing. (Document No. 10, pp.3-4). In fact, in a later filing, Plaintiff appears to concede that there was never a hearing "about anything, Benefit, visitation or Commissioners concerns." (Document No. 19, p.7) (emphasis in original).

Next, Defendant asserts that the claim against the S.S.A. is moot based on a subsequent letter from the S.S.A. dated February 28, 2012, addressing the same claim number (249-80-295HA) and providing that "we can pay benefits beginning February 2012." (Document No. 10-1). Defendant argues that if Plaintiff is currently receiving disability benefits, there is no "live controversy" between the parties, and the claim is moot. (Document No. 10, p.4).

Defendant's final argument is essentially that even if this Court has jurisdiction, the matter is untimely because Plaintiff did not file his Complaint within sixty days of his presumptive receipt of notice of the Commissioner's decision to cease benefits, as he was notified by the S.S.A.'s February 14, 2012 letter, but did not file this action until June 28, 2012. (Document No. 10, pp.4-5).

Plaintiff has responded that he objects to the pending motion to dismiss; however, his opposition lacks sufficient legal or factual grounds. (Document No. 13). It is difficult to discern Plaintiff's exact basis(es) for opposing the pending motion to dismiss. In short, it appears that Plaintiff is confused about the proper process for appealing a decision by the state courts regarding parental rights, and/or a decision by the Social Security Administration regarding benefits. Even viewing all of the information in the light most favorable to this *pro se* Plaintiff, the undersigned cannot find that he has met his burden of proving that subject matter jurisdiction exists here.

As suggested by Judge Whitney several months ago, and now argued by Defendant, it appears that Plaintiff's claim against the S.S.A. is, at minimum, time-barred. Moreover, Defendant presents persuasive arguments that this Court lacks jurisdiction over this matter, and that even if jurisdiction were appropriate, the claim against the S.S.A. is likely moot.

The undersigned does not find that a hearing on the pending motions is necessary or would be helpful.

## IV.  RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss" (Document No. 9) be **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion To Hear Objection To Dismissal" (Document No. 14) is **DENIED AS MOOT**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: January 23, 2013

David C. Keesler
United States Magistrate Judge